UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ABSOLUTE MACHINE TOOLS, INC.** | : | **Case No. 1:05CV1010** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **CLANCY MACHINE TOOLS, INC.,** | : | <u>**ORDER**</u> |
| | : | |
| **Defendant/Third Party Plaintiff.** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NICHOLAS SOWARDS,** *et al.* | : | |
| | : | |
| **Third Party Defendants** | : | |

This matter arises on Nicholas Sowards' *Motion to Dismiss by Third Party Defendant, Nicholas Sowards* (Doc. 10) ("Motion to Dismiss"), which seeks to dismiss Third Party Plaintiff Clancy Machine Tools, Inc.'s ("Clancy") claims for breach of contract, tortious interference, and injunctive relief. Clancy has filed an opposition brief (Doc. 18). To date, Third Party Defendant Nicholas Sowards ("Sowards") has yet to reply. In so far as the time for responding has long since passed, the motion is ripe for determination. For the reasons articulated below, Sowards' Motion to Dismiss is <u>**DENIED**</u>.

## I.   <u>FACTUAL BACKGROUND</u>[1]

The following factual summary relates only to the dispute between Clancy and Sowards as third-party plaintiff and defendant. The Court need not address at this time the facts pertaining to the

---

[1]      As discussed below, all material facts alleged in the Complaint and affidavit are viewed as true for the sole purpose of this motion.

initial parties.

Absolute Machine Tools, Inc. ("Absolute"), an Ohio corporation, entered into a contract to do business with Clancy, a California corporation.  Under the terms of the contract, Clancy would act as a sales representative to sell Absolute's machines and/or machine tools in California.  Sometime in 2004, Absolute severed its ties with Clancy and engaged in business with another California distributor to sell its machines and/or machine tools.

Clancy and Sowards entered into an employment agreement with a non-compete[2] clause on or around January 2, 2004.  While employed by Clancy, Sowards served as a Sales Engineer and solicited business from customers who were common to both Clancy and Absolute, including Fun Factory and Tinsley Labs.  On or about August 31, 2004, Sowards was terminated for refusing to return to work after a disciplinary and performance suspension.  In August 2004, Sowards entered the employ of Absolute.  In sum, Clancy alleges that Sowards, as an Absolute employee, solicits Clancy's customers to Absolute, or to Absolute through other California distributors.

## II.   DISCUSSION

As to the Third Party Complaint (Doc. 4) ("Complaint"), and pursuant to Federal Rule of Civil Procedure 12(b)(1), Sowards argues that Clancy's claims must be dismissed because the Complaint fails to allege facts that support an amount in controversy exceeding $75,000, thereby failing to meet the diversity jurisdiction requirements of 28 U.S.C. § 1332.

In response, Clancy argues that Sowards' motion should be denied because the facts alleged in both the Complaint and Joseph Clancy's Affidavit (Doc. 12) ("Affidavit") support an amount in

---

[2]     The Court uses the terms "non-compete" and "not-to-compete" interchangeably herein.

2

controversy in excess of $75,000.  Indeed, Clancy argues in its opposition that the amount of business at issue from one customer alone is approximately $234,975.  *See* Opposition at 2.

A.  **Legal Standard**

There are two general categories into which Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall: facial attacks and factual attacks.  Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied*, 513 U.S. 868 (1994).  A facial attack challenges the sufficiency of the pleading itself.  On such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party.  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).  In contrast, a factual attack, as is made here, challenges the factual existence of subject matter jurisdiction – *i.e.*, whether the breach of contract, tortious interference, and injunctive relief claims exceed $75,000.

On this form of motion, the Court's inquiry is limited to determining whether the challenged pleadings set forth allegations sufficient to show the Court that it has jurisdiction over the subject matter; "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.* (internal citations omitted); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996).  In reviewing such a motion, a district court is to probe the facts and assess the validity of its own jurisdiction.  In doing so, the Court has wide discretion to consider affidavits and documents outside the pleadings, and may even conduct a limited evidentiary hearing, if necessary.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In connection with this analysis, a plaintiff bears the burden of demonstrating that the Court has, and may appropriately exercise, jurisdiction over the subject matter.  *RMI Titanium Co.*, 78 F.3d

3

at 1134.   The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction.  *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Inds., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  The Court's examination of this evidence does not convert a 12(b)(1) motion into a Rule 56 motion.  *Rogers*, 798 F.2d at 915.

    **B.**   **Analysis**

Clancy asserts three claims against Sowards.  Count One alleges that Sowards breached the non-compete clause of his employment contract by contacting and soliciting businesses on behalf of Absolute.  Count Two alleges that Sowards caused tortious interference by intentionally soliciting Clancy's customers and inducing such customers from doing business with Clancy.  Count Three seeks an injunction to prevent Sowards from further solicitation in violation of the non-compete clause.

Clancy seeks to invoke this Court's subject-matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1).  Under §1332(a)(1), district courts have jurisdiction over all civil matters where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states - *i.e.,* diversity jurisdiction.  For purposes of this motion, Sowards challenges only the "amount in controversy" prong of §1332(a)(1), arguing that the $75,000 jurisdictional threshold is not met.

Under Federal Rule of Civil Procedure 8(a)(1), and in connection with diversity jurisdiction, a plaintiff must allege in his complaint (1) that the jurisdictional amount is met, or (2) facts that support an inference that the jurisdictional amount has been met.  Generally, a plaintiff's allegation that the jurisdictional amount has been met is alone sufficient unless appropriately challenged by a Rule 12(b)(1) motion.  *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction

4

3d §3702.  When challenged, however, the plaintiff then has the burden to show that it does not appear "to a legal certainty that the claim is for less than the jurisdictional amount." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Therefore, to justify a dismissal in this case, it must appear to a legal certainty that the aggregation of Clancy's three claims is less than $75,000.

Notwithstanding the amounts in controversy for Counts One and Two, the Court cannot conclude to a legal certainty that the amount in controversy for Count Three alone is less than $75,000.  Accordingly, the Court need not even consider Counts One and Two.  Count Three seeks injunctive relief against Sowards, and pursuant to the standards outlined below, satisfies the "amount in controversy" prong of the diversity jurisdiction analysis.

In determining the "amount in controversy" for an injunction, the Court must look to the "value to the plaintiff of conducting his business or personal affairs free from the activity sought to be enjoined." *See* Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction 3d §3708.  To establish the value of a non-compete agreement, as is necessary for this case, "the court will usually look to the profits earned by the employer on business generated by the employee during the period immediately preceding his termination." *Basicomputer Corp v. Scott,* 791 F. Supp. 1280, 1286 (N.D. Ohio 1991).  Courts may also consider the "value of the plaintiff's lost revenue, the value of the future effect of a defendant's reach upon all the plaintiff's other contracts with its sales agents, and the value of trade secrets and confidential information acquired by the defendants during their employment." *Id.*

The Court decided this very issue in *Basicomputer Corp. v. Scott*, 791 F. Supp 1280 (N.D. Ohio 1991), a case with similar facts.  In that case, plaintiff and defendants entered into employment

5

agreements in 1989, which contained non-compete and other restrictive covenants.  While employed by plaintiff, defendants acted as sales representatives and sold computers to various businesses.  In the late summer and fall of 1991, defendants voluntarily ended their employment.  Soon thereafter, defendants began employment with Sears Business Center ("Sears").  Plaintiff then filed an action against the defendants for violating the non-compete agreements and sought preliminary injunctions to prevent the defendants from soliciting business from plaintiff's clients.

In *Basicomputer*, Defendants argued, *inter alia*, that the court lacked subject matter jurisdiction because the amount in controversy did not meet the jurisdictional amount required under §1332.  The court examined plaintiff's commission statements and noted that in 1990 and 1991, each individual defendant generated profits for the plaintiff that approached, if not exceeded, the jurisdictional amount.  *Basicomputer*, 791 F. Supp. at 1286.  The court held that this evidence, combined with plaintiff's testimony as to the value of lost revenue, prevented it from concluding to a legal certainty that the amount in controversy was less than the jurisdictional amount.  The Sixth Circuit Court of Appeals affirmed the district court's decision and held that the sales generated by the defendants and the severe competitive losses suffered from the defendants' attempts to lure plaintiff's clients to Sears also prevented it from concluding to a legal certainty that the claims were for less than the jurisdictional amount.  *See Basicomputer v. Scott*, 973 F.2d 507 (6th Cir. 1992).

Applying *Basicomputer*'s analysis to the present case yields the same result.  As alleged in the Complaint, Sowards was employed by Clancy from January to August of 2004.  Sowards' duties included soliciting business from Fun Factory and Tinsley Labs to sell Absolute's machines.  During his employment, Sowards facilitated the sale of eight machines to Tinsley Labs for a commission of approximately $407,235.  *See* Clancy Affidavit, ¶ 5-6.  This commission was paid to Clancy by

Absolute.  Thus, and in construing the facts in the light most favorable to the nonmoving party, it appears that Sowards generated at least $407,235 worth of business for Clancy during the period immediately preceding his termination.  Based on this figure alone, the Court cannot conclude to a legal certainty that Clancy's claims are for less then $75,000.

Further, as outlined in the Affidavit, Tinsley Labs intended to purchase an additional five machines from Absolute through Clancy.  Clancy's commission for these five additional machines would have been approximately $234,975.  *See* Clancy Affidavit at, ¶8.  Therefore, if Sowards violated the non-compete agreement and solicited business for Absolute from Tinsley Labs, it is foreseeable that Sowards' conduct may have caused Plaintiff to lose the estimated $234,975 commission.

## III.   CONCLUSION

Based on the foregoing, and because Sowards has not rebutted the amounts in the Affidavit, the Court cannot conclude to a legal certainty that the claim is really for less than the jurisdictional amount.  Accordingly, Sowards' Motion to Dismiss (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 14, 2005**